**MEMO ENDORSED**

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director and Attorney-in-Chief*

Southern District of New York
John J. Byrnes
*Attorney-in-Charge*

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-7-11

April 7, 2011

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **United States v. Lamar Thompson**
     **09 Cr. 381 (PKC)**

Your Honor:

*[Handwritten endorsement:]* Sentencing adjourned from April 11 to April 28 at 11:00am. SO ORDERED. [signature] USDJ 4-7-11

Mr. Thompson is scheduled to be sentenced by the Court on April 11, 2011. For the following reasons, I am requesting a three week adjournment of the sentence.

Mr. Thompson pled guilty pursuant to a January 14, 2010 plea agreement in which he stipulated that he was a career offender, pursuant to U.S.S.G. § 4B1.1. However, in the course preparing my sentencing submission and reviewing the terms of the plea agreement, I reconsidered the issue as to whether the convictions which would render Mr. Thompson a career offender satisfy the terms of U.S.S.G. §4B1.1. After researching the matter further, it seems that if the earlier convictions are related to the instant offense, Mr. Thompson would not be a career offender and that the convictions should not be used to calculate Mr. Thompson's Criminal History score. See e.g, United States v. Thomas, 54 F.3d 73, 84 (2d Cir 1995)(prior sentences imposed for conduct related to instant offense could not be used in calculating defendant's criminal history score); United States v. Liddell, 492 F.2d 920, 922 (7th Cir. 2007)("In order to satisfy the third element of U.S.S.G. §4B1.1, the defendant's earlier convictions cannot be related to the instant offense"); United States v. Nelson, 2001 WL. 521810 (S.D.N.Y. 2001)(rejecting challenge to sentence under career offender guidelines because convictions which defendant claimed were relevant conduct to instant narcotics conspiracy were *not* considered in defendant's criminal history or designation as career offender).

I have discussed this matter with the government and we agree that Mr. Thompson should not be sentenced as a career offender if, in fact, he is not one. Accordingly, I am requesting a three week adjournment so that the government and Mr. Thompson can further look into this matter and attempt to reach a resolution.

Hon. P. Kevin Castel				April 7, 2011
United States District Judge			Page 2
Southern District of New York

Re: **United States v. Lamar Thompson**
    **09 Cr. 381 (PKC)**

    Thank you for your consideration of this matter. As noted, the government consents to the requested adjournment.

Respectfully submitted,

Mark B. Gombiner
Attorney for Lamar Thompson

cc: A.U.S.A. Edward Kim
    U.S.P.O. Jill Jefferies